# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. JASON DERBY, Defendant. | No. CR06-4030-MWB <br><br> **ORDER ACCEPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S GUILTY PLEA** |

_____

## *I. INTRODUCTION AND BACKGROUND*

On June 21, 2006, a second superseding indictment was returned against defendant Jason Derby, charging defendant with conspiring to distribute and possess with intent to distribute 1000 kilograms or more of marijuana, cocaine, methamphetamine and anabolic steroids, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. On July 25, 2006, defendant appeared before United States Magistrate Judge Paul A. Zoss and entered a plea of guilty to Count 2 of the second superseding indictment.[1] On this same date, Judge Zoss filed a Report and Recommendation in which he recommends that defendant's guilty plea be accepted. No objections to Judge Zoss's Report and Recommendation were filed. The court, therefore, undertakes the necessary review of Judge Zoss's recommendation to

---

[1] The court takes judicial notice of the fact that the Report and Recommendation contains a scrivener's error, stating that defendant was pleading guilty to Count 1 of the second superseding indictment when, in actuality, he pleaded guilty to Count 2 of the second superseding indictment. The court notes that defendant was not charged in Count 1 of the second superseding indictment, but only in Count 2, and that the clerk's minutes of the change of plea hearing indicate that defendant pleaded guilty to Count 2 of the second superseding indictment. Moreover, defendant's plea agreement indicates that he pleaded guilty to Count 2 of the second superseding indictment. Thus, the court concludes that the citation to Count 1 in the Report and Recommendation was but a scrivener's error.

accept defendant's plea in this case.

## II. ANALYSIS

Pursuant to statute, this court's standard of review for a magistrate judge's Report and Recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's Report and Recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

In this case, no objections have been filed, and it appears to the court upon review of Judge Zoss's findings and conclusions that there is no ground to reject or modify them. Therefore, the court **accepts** Judge Zoss's Report and Recommendation of July 25, 2006, and accepts defendant's plea of guilty in this case to Count 2 of the second superseding indictment.

**IT IS SO ORDERED.**

**DATED** this 10th day of August, 2006.

                                                         _____
                                                         MARK W. BENNETT
                                                         CHIEF JUDGE, U. S. DISTRICT COURT
                                                         NORTHERN DISTRICT OF IOWA